UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE: Titus Trevor Davis,  )
    SS# xxx-xx-4371,  )
    Tiffany LaSha Davis,  )    Case No:_____
    SS# xxx-xx-5718,  )
        )    Chapter 13
        )
    Debtor(s).  )

# CHAPTER 13 PLAN

Extension ( X )                                                                 Composition ( )

      You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

**1. Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

**2. Plan Payments and Length of Plan.**  Debtor will pay the sum of $ 2300.00  per month at the rate of $_____ per_____ to Trustee by [ X ] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of _36_ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

        _X_  IF CHECKED, Plan payments will increase by $ 100.00 per month  on  January 1 , 2016  upon completion or termination of  Rental contract   and by $122.16 per month on September 1, 2016 upon completion or termination of 401(k) loan.

**3. Claims Generally.**  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.

**4. Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses

1

pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). Trustee's Fees. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B). Debtor's Attorney Fees. The total attorney fee as of the date of the filing of the petition is $ 4,000.00. The amount of $0.00 was paid prior to the filing of the case. The balance of $4,000.00 will be paid as follows:
1. Such funds remaining in the possession of the Trustee after payment of Trustee fees and Adequate Protection payments, not to exceed $4,000.00, to be paid at the initial disbursement following confirmation of the plan.
2. $750.00 will be paid on a monthly basis until the fee is paid in full. If the case is dismissed or converted prior to the confirmation, the Trustee shall pay up to $4,000.00 from available funds.
3. Notwithstanding the base fee of $4,000.00 described herein, debtor(s) have contracted with counsel to allow the pursuit of any cause of action that may arise as a core proceeding to this case. Any fees associated with and sought for the pursuit and resolution of such claims would be disclosed to all parties via motion and would require court approval prior to collection. Such fees would not be payable out of the income stream the debtor(s) commit to this plan as set forth in the plan payment.

5. Priority Claims.

(A). Domestic Support Obligations.

__X__ None. If none, skip to Plan paragraph 5(B).

(i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

__X__ None; or

2

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |
|  |  |  |

In the event Debtor(s) is obligated under a Domestic Support Obligation, Debtor(s) authorizes and agrees that any post-petition domestic support obligations payments may be paid through a state or superior court income deduction order. Further, DCSS may utilize review and modification procedures of the domestic support obligation when allowed under state law, as detailed in 11 U.S.C. § 362(b)(2).

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

__X__ None; or

Claimant and proposed treatment:_____

_____
_____

(B). Other Priority Claims (e.g., tax claims). These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Georgia Department of Revenue | $259.68 |
|  |  |

(C). Any secured portion of a valid tax claim will be paid in full through the plan with 5% interest at the rate of $10.00 per month.

6. Secured Claims.

(A). Claims Secured by Personal Property Which Debtor Intends to Retain.

(i). <u>Pre-confirmation adequate protection payments</u>. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors

3

pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

\_\_\_\_\_ directly to the creditor; or

__X__ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Kimberly Clark Federal C.U. | 2005 Chevrolet Tahoe | $120.00 |
| Kimberly Clark Federal C.U. | 2010 Toyota Camry | $220.00 |
| Springleaf | PMSI - a/c unit | $100.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

\_\_\_\_\_ None; or

4

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Kimberly Clark Federal C.U. | 2005 Chevrolet Tahoe | 2012 | $5,880.57 | 5% | $450.00 |
| Kimberly Clark Federal C.U. | 2010 Toyota Camry | 2013 | $15,337.00 | 5% | $550.00 |
| Springleaf | PMSI - a/c unit | 2013 | $3,948.65 | 5% | $100.00 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

_____ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Kimberly Clark Federal C.U. | The secured portion of any cross-collateralized loans | n/a | $1,582.43 | 5% | $30.00 |
|  |  |  |  |  |  |

(c). **Other provisions.**

5

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the chapter 13 plan and debtor(s) will pay those post-petition expenses outside the plan, if feasible, unless the court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Bank of America - serviced by Selene Finance | residence | $15,000.00 | $300.00 |
|  |  |  |  |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| United Consumer Financial | Kirby vacuum |
|  |  |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately

6

classified in Plan paragraph 10 is $_55,855.89___. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $_0.00_ or _100_%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

_____ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| CMB Rentals | rent to own - shed | $100.00 per month | $20.00 - no arrearage expected |
| | | | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:** Debtor reserves the right to object to claims after confirmation. ***ATTENTION CREDITORS, YOUR RIGHTS MAY BE AFFECTED BY THE FOLLOWING:
1. A claim for pre petition mortgage arrearages shall receive interest at the rate set forth in the proof of claim.

2. Federal Tax Returns: If this is an extension plan, the Debtor(s) may retain any federal tax refund. If this is a composition plan, any federal tax refunds the Debtor(s) receives each year during the applicable commitment period of this bankruptcy shall be paid into the Debtor(s)' chapter 13 case. Further, Debtor(s) authorizes the Internal Revenue Service to send any refund for said years directly to the Chapter 13 Trustee. If the Debtor(s) receives the refund from the Internal Revenue Service, Debtor(s) shall remit those funds directly to the Chapter 13 Trustee. Each debtor herein may retain up to $1,500.00 each year from any federal tax refund upon written request to the Chapter 13 Trustee.

3. Any additional funds paid into this plan, from whatever source, and available for any disbursements not previously addressed herein, shall be paid on a pro rata basis, first to administrative fees, then to allowed secured claims, then priority claims, and finally, to general unsecured claims.

7

(A). Special classes of unsecured claims.
   The student loans are in deferment and are not to be funded in the plan.

(B). Other direct payments to creditors.

(C). Other provisions.

(D). If there is a step provision included in this plan, the increased payments from that step shall be distributed on a pro rata basis to any remaining unpaid administrative, priority unsecured, secured and/or general unsecured creditors.

(E). <u>Other allowed secured claims:</u> A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with _7_% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(F). <u>Claims subject to lien avoidance pursuant to 11 U.S.C.§522(f):</u> The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

Date: <u>August 13, 2014.</u>

                                                <u>/s/Titus Trevor Davis</u>
                                                Titus Trevor Davis

<u>/s/Griffin E. Howell, III</u>                      <u>/s/Tiffany LaSha Davis</u>
Griffin E. Howell, III                        Tiffany LaSha Davis
Debtor's Attorney
372225